```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

JO BENOIT,

    Petitioner,

v.                              CIVIL ACTION NO. 1:16-00073

BARBARA RICKARD, Warden,

    Respondent.

## MEMORANDUM OPINION AND ORDER

    By Standing Order, this matter was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and recommendations ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 3.)

    Magistrate Judge Aboulhosn submitted to the court his PF&R on September 28, 2016, in which he recommended that the Court dismiss Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Doc. No. 2) and remove this matter from the court's docket.  On the same date, Magistrate Judge Aboulhosn denied Petitioner's "Motion to Compel" (Doc. No. 13) and Petitioner's "Motion to Compel the Release [of] Information Re: 224 Conduct Code" (Doc. No. 15).  Petitioner filed a Motion to Reconsider these denials on December 15, 2016.  (Doc. No. 23.)

In accordance with 28 U.S.C. § 636(b), the parties were allotted seventeen days in which to file any objections to Magistrate Judge Aboulhosn's PF&R.  The failure of any party to file such objections within the time allotted constitutes a waiver of such party's right to a <u>de novo</u> review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989).  Petitioner filed her objections on October 7, 2016, and again on October 20, 2016.

Petitioner argues that the Inmate Financial Responsibility Program (IFRP) obligations imposed on her were legally incorrect.  Quite to the contrary, the court finds Magistrate Judge Aboulhosn's decision as to the IFRP to be accurate.  But even if they were not, as Magistrate Judge Aboulhosn pointed out, Petitioner still would be out of luck since she has not exhausted her administrative remedies within the Bureau of Prisons.  "Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, [c]ourts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under Section 2241."  (Doc. No. 18.)  Petitioner has not done so.  As such, Petitioner has no right to federal habeas relief.

Accordingly, the court adopts Magistrate Judge Aboulhosn's PF&R and his Order denying Petitioner's Motions to Compel (Doc. No. 19) as follows:

1) Petitioner's Petition for a Writ of Habeas Corpus by a Person in State or Federal Custody Pursuant to 28 U.S.C. § 2241 (Doc. No. 2) is **DISMISSED**; and

2) The Clerk is directed to remove this matter from the docket of the court.

Furthermore, Petitioner's Motion to Reconsider the Order denying Petitioner's "Motion to Compel" (Doc. No. 13) and Petitioner's "Motion to Compel the Release [of] Information Re: 224 Conduct Code" (Doc. No. 15) are **DENIED**.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336—38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676,

683—84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Order to counsel of record and to Petitioner, pro se.

It is **SO ORDERED** this 7th day of February, 2017.

                    ENTER:

                    David A. Faber
                    Senior United States District Judge